Dear Mayor Mayeaux:
This office is in receipt of your request for an opinion of the Attorney General in regard to legislation concerning annexation by a town of a section of a highway. You state as follows:
 In 1995, the Town of Pollock annexed a section of U.S. Highway 165 which consisted of approximately five miles of highway right-of-way. No adjacent property was annexed into the Town of Pollock. Pursuant to our application for annexation to the U.S. Department of Justice, the aforementioned annexation was approved.
You maintain by the 1997 amendment to R.S. 33:180, Act 1304, a procedure is provided to strike down the annexation when certain criteria is met, and you question the constitutionality of this 1997 amendment which became effective on July 15, 1997.
Pursuant to Act 1304 of 1997, R.S. 33:180 provides as follows:
 A. The governing body of any municipality other than the city of New Orleans may, by ordinance, enlarge the boundaries of the municipality to include territory within which all of the land is owned by a state agency, political subdivision, or public body, but only upon petition of the governing body of the agency, political subdivision or public body owning the land which is to be so included. Except as otherwise provided in this Section, the governing body of the municipality may, in its discretion, upon majority vote thereof, adopt such an ordinance without the necessity of compliance with any of the procedures of advertisement, petition by residents, public hearing, or other procedures set forth in this Subpart.
 B. No municipality may annex the paved portion of a public road without including in such annexation all property adjacent to at least one side of the road, the paved portion of which is included in the annexation.
 C. A municipality may annex a portion of the right-of-way of a public road as a corridor connecting other property which is not contiguous to the municipality but which is to be annexed without including the property adjacent to the corridor. Any annexation pursuant to this Subsection shall be in accordance with the following:
 (1) The municipality shall, by certified mail, notify the state agency or political subdivision which owns the road proposed to be annexed at least thirty days prior to the introduction of the ordinance proposing such annexation.
 (2) The petition or written consent of the state agency or political subdivision must be received by the municipality prior to the adoption of the ordinance.
 Section 2. Notwithstanding the provisions of R.S. 33:175, an ordinance annexing property which violates R.S. 33:180(B) and which was adopted after January 1, 1990, by the governing authority of any municipality in a parish with a population of not fewer than seventeen thousand five hundred persons and not more than eighteen thousand persons as of the most recent federal decennial census may be contested by any citizen owning property adjacent to the public road in the manner provided in R.S. 33:174 within one hundred eighty days after the effective date of this Act. (Emphasis added.)
As I understand your inquiry you are concerned about Section 2 of the statute as amended that provides for a procedure to strike down an annexation since 1990 that does not conform to the requirement that annexation of the paved portion of a public road must include annexation of all property adjacent to at least one side of the road. As shown hereinabove that section allows any citizen owning property adjacent to the public road adopted by an ordinance which violates R.S. 33:180(B) to contest that ordinance "within one hundred eighty days after the effective date of this Act" where the annexation was by a municipality in a parish with a population of not fewer than seventeen thousand five hundred persons and not more than eighteen thousand persons.
Our inquiry shows that Grant Parish had a population in the last decennial census of 17,526 and falls within the purview of Section 2. However, if no suit has been filed by this time the provision to contest the ordinance of annexation would be precluded by the passage of one hundred and eighty days since the effective date of the Act of July 15, 1997. Moreover, it is the policy of this office to refrain from opining whether an act is constitutional inasmuch as the Attorney General is charged with defending the constitutionality of all legislative statutes, or, if a suit has been filed contesting the annexation, from rendering an opinion on a matter in litigation. Consequently, the validity of the annexation as being in contravention of the statute is moot if suit has not already been filed because more than 180 days has passed since the effective date of the Act. If suit is filed, we decline to render an opinion on an issue in litigation in a pending suit, or an opinion on the constitutionality of a state statute.
We regret we cannot be of further assistance.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: January 12, 1998 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General